UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN WYNN,<br><br>　　　　Plaintiff,<br><br>　　　v.<br><br>HARLEY MARINE SERVICES INC., et al.,<br><br>　　　　Defendants. | Case No. 19-cv-00596-JD<br><br>**ORDER RE SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 25 |

Plaintiff Bryan Wynn has sued defendants Harley Marine Services, Inc., and Starlight Marine Services, Inc., under the Jones Act, 46 U.S.C. § 30104, for injuries he suffered while working on the tugboat M/V Ahbra Franco as Chief Engineer.[1] Dkt. No. 1. Wynn alleges claims for negligence and unseaworthiness, and seeks compensatory and punitive damages. Defendants have moved for summary judgment in their favor on all the claims and on the availability of punitive damages. Dkt. No. 25.

The Court has detailed in other orders the standards applicable to a motion for summary judgment. *See, e.g.*, *Winding Creek Solar LLC v. Peevey*, 293 F. Supp. 3d 980, 988-89 (N.D. Cal. 2017), *aff'd*, 932 F.3d 861 (9th Cir. 2019). These well-established standards apply in full here. The parties' familiarity with the record is assumed.

Summary judgment is denied on the Jones Act claims. As the parties' briefs amply establish, the negligence and unseaworthiness claims entail "a panoply of genuine disputes of material fact that will require a trial, and an opportunity to evaluate witness credibility, to properly

---

[1] Two updates are needed: (1) defendants recently changed their name to "Centerline Logistics Corporation," Dkt. No. 30; and (2) the complaint used an outdated citation for the Jones Act, 46 U.S.C. App'x § 688, which the Court has replaced with the current Section 30104.

resolve." *Fed. Trade Comm'n v. D-Link Sys., Inc.*, No. 17-CV-00039-JD, 2018 WL 6040192, at *1 (N.D. Cal. Nov. 5, 2018). Defendants say the tugboat was safely operated and seaworthy. Plaintiffs say it was not. The parties have tendered conflicting evidence. These are quintessential disputes of material facts for the jury to decide.

That is all the more true here because summary judgment is disfavored in Jones Act cases. The negligence standard for personal injury actions brought under the Jones Act is substantially lower than in regular tort actions. *See Lies v. Farrell Lines, Inc.*, 641 F.2d 765, 770 (9th Cir. 1981). The elements of a Jones Act negligence claim are "duty, breach, notice and causation." *Ribitzki v. Canmar Reading & Bates, Ltd. P'ship*, 111 F.3d 658, 662 (9th Cir. 1997), *as amended* (June 5, 1997). Defendants do not dispute that they had a legal duty to provide Wynn with a reasonably "safe place to work," *id.*, and argue mainly that they did not breach the duty. But even defendants concede that there is conflicting evidence about whether an experienced captain or an inexperienced trainee was operating the tugboat when Wynn was injured. Dkt. No. 25 at 6 n.1; Dkt. No. 27 at 2. Wynn has provided evidence that he was not notified that a trainee would be at the helm, or that "there was a risk of a significant hard collision." Dkt. No. 26-2 ¶¶ 5, 7. There is also conflicting evidence about whether the tugboat was travelling at an unreasonably high speed when it contacted the other vessel, and if so, whether this was a foreseeable result of the trainee's lack of experience. *See, e.g.*, Dkt. No. 26-1, Exh. A at ECF pp. 16-17 (Cadiz deposition); Dkt. No. 26-2 ¶¶ 3-4, 6 (Wynn Decl.). Viewing this evidence as a whole and in the light most favorable to Wynn, a reasonable juror could find that defendants breached their duty to provide a reasonably safe working environment.

For the remaining elements, defendants do not argue that they lacked notice of any safety risks, and only obliquely dispute causation by suggesting that Wynn's injuries resulted from his failure to brace himself while putting his pants on. This too is "generally a question of fact for the jury." *Lies*, 641 F.2d at 770; *see also Crowley Marine Servs., Inc. v. Maritrans, Inc.*, 530 F.3d 1169, 1177 (9th Cir. 2008) (allocation of fault is a "fact-intensive decision"). The Jones Act applies a "featherweight" causation standard to negligence claims that "allows a seaman to survive summary judgment by presenting even the slightest proof of causation." *Ribitzki*, 111 F.3d at 664;

2

*see also Lies*, 641 F.2d at 771 (summary judgment inappropriate under Jones Act if "the conclusion may be drawn that negligence of the employer played any part at all in the injury" (quoting *Rogers v. Missouri Pacific Railroad Co.*, 352 U.S. 500, 506-07 (1957))).  The evidence already discussed easily clears this threshold.  It is also worth noting that Wynn has assured the Court that, after "forty years of experience in the maritime industry," he knows how to put on his pants at sea.  Dkt. No. 26-2 ¶ 5.

So too for the unseaworthiness claim.  "Unseaworthiness" is a term of art in maritime law.  Wynn is required to prove only that his injuries were caused by a physical or other "defect" that prevented the tugboat from being "reasonably fit for its intended use," even if only temporarily.  *Ribitzki*, 111 F.3d at 664.

It is undisputed that the tugboat had "Shibata" fenders rather than tire fenders.  *See, e.g.*, Dkt. No. 26-1, Exh. B at ECF p. 32 (Sheldon deposition).  Wynn has proffered expert testimony from Captain Reginald McKamie, Sr., that tire fenders would have been more effective at reducing impacts with other vessels, particularly if the tugboat was being operated by someone relatively inexperienced.  *See* Dkt. No. 26-3 ¶ 6-7 (McKamie Decl.).  This evidence is enough for a reasonable jury to find that the tugboat Wynn was serving on was not well-suited to safely perform its intended task -- pushing other boats -- for at least the temporary period that it was being operated by someone without sufficient experience.

Defendants' cursory stab at excluding Captain McKamie's opinions under Federal Rule of Evidence 702 is not well taken.  They acknowledge that he "might qualify as an expert" in some areas of maritime practice, but say he lacks the "experience, training, and education" to opine on the fender system, and that he never personally inspected the tugboat.  Dkt. No. 27 at 4.  What that training and experience might be, defendants leave unsaid.  It is undisputed that Captain McKamie has 49 years of maritime experience that include serving "on various merchant and navy vessels," and working as an advisor to the United States Coast Guard on "issues of maritime safety."  Dkt. No. 26-3 ¶¶ 3, 10.  He was familiar with the record in this case and with general maritime safety standards when preparing his opinions.  *See id.* ¶ 2.  That is enough for the Court to consider them.

3

Summary judgment is granted for defendants on the prayer for punitive damages. Punitive damages are unavailable for negligence claims brought under the Jones Act. *Kopczynski v. The Jacqueline*, 742 F.2d 555, 561 (9th Cir. 1984). After Wynn filed suit, the Supreme Court held that the same is true for unseaworthiness claims, reversing the Ninth Circuit. *See Dutra Grp. v. Batterton*, 139 S. Ct. 2275, 2278 (2019). Wynn now concedes that he cannot recover punitive damages. *See* Dkt. No. 26 at 17.

## CONCLUSION

Summary judgment is granted for defendants on the issue of punitive damages. It is denied in all other respects.

**IT IS SO ORDERED.**

Dated: December 11, 2020

JAMES DONATO
United States District Judge